UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NICOLE R. HENDERSON,

    Petitioner,

v.                                           Case No. 3:19cv422-LC-HTC

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____/

**<u>REPORT AND RECOMMENDATION
GRANTING EXTENSION OF TIME
TO FILE NOTICE OF APPEAL</u>**

This matter is before the Court on Petitioner Nicole Henderson's Motion for Reopening the Time to File Notice of Appeal. ECF Doc. 36. Upon consideration of the motion and the Secretary's response, ECF Doc. 37, the undersigned finds the motion to be untimely under Federal Rule of Appellate Procedure 4(a)(6), but that an extension is warranted under Rule 4(a)(5).

**I.    BACKGROUND**

On July 1, 2021, the undersigned issued a Report and Recommendation, recommending Henderson's petition be denied without an evidentiary hearing and the certificate of appealability be denied. ECF Doc. 26. This Court adopted the Report and Recommendation on November 4, 2021, and the clerk entered judgment

on the same date. ECF Docs. 32 and 33. The Notice of Electronic Filing shows those documents were mailed the same day to Petitioner at Homestead Correctional Institute ("Homestead CI"), which was the last address supplied to the Court by Petitioner.

Under the Federal Rules of Appellate Procedure, Petitioner had until December 6, 2021, to file a notice of appeal of the Court's judgment. Fed. R. App. P. 4(a)(1) (setting forth 30-day deadline to file an appeal of a judgment in a civil case).[1] Petitioner, however, did not file a notice of appeal on December 6. Instead, on that day,[2] Petitioner filed a motion for extension of time to file a certificate of appealability, ECF Doc. 34, which the undersigned denied as moot because a certificate of appealability had already been denied, ECF Doc. 35.

On December 17, Petitioner filed the instant motion to reopen. Petitioner argues she should be allowed to reopen the time for appeal because she did not receive notice of the entry of judgment until December 3, 2021, more than twenty-one (21) days after judgment was entered. Petitioner explains she did not get notice because she has been transferred to various institutions numerous times, including

---

[1] 30 days after November 4, 2021, is Saturday, December 4, 2021. Thus, the deadline is moved to the next business day, Monday, December 6, 2021. Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] The dates identified herein as Petitioner's filing dates correspond to the date Petitioner placed the filing in the hands of prison mail officials. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

Case No. 3:19cv422-LC-HTC

being moved in mid to late July 2021 from Homestead CI to Lowell CI Annex, and then again on November 10 from Lowell CI Annex to Hernando CI. ECF Doc. 36 at 1-2.

## II.   ANALYSIS

Under Federal Rule of Appellate Procedure 4(a)(6), "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if all the following conditions are satisfied:

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

As stated above, Petitioner contends she did not get notice of judgment until December 3, 2021. The Secretary argues, however, that Petitioner received the notice of judgment on December 1, two (2) days earlier. The date Petitioner received the notice of judgment is important because if the date was December 3, the motion is timely as it would have been filed within 14 days of that date. If, on the other hand, the date Petitioner received the notice of judgment is December 1, then the motion is untimely.

Although Petitioner alleges she "finally was able to sign for and receive" the notice of judgment on December 3, ECF Doc. 36-2, the motion is not verified and is not supported by a declaration. In contrast, the Secretary submitted the Declaration of Sheila K. Crisson, an employee with Hernando CI, responsible for incoming legal and privilege mail logs, stating that, at the Attorney General's request, she reviewed the incoming legal mail logs for Petitioner for any entries from December 1 to December 10, 2021, and found only one entry. ECF Doc. 38-1 at 2. That entry, as set forth on the log attached to Crisson's declaration, shows that Hernando CI received legal mail from this Court on November 30, 2021, and it was received by Petitioner on December 1, 2021. ECF Doc. 38-1 at 3.

The docket shows the only mail sent from this Court to Petitioner in November was the November 4 judgment. Thus, based on the evidence in the record, the motion is untimely. *McLarnon v. United States*, 2021 WL 5709772, at *3 (Fed. Cl. Dec. 2, 2021) ("Because Mr. McLarnon's motion to reopen time for appeal was untimely filed, it cannot be granted."); *see also, Gordon v. Greiner,* 274 F. Supp. 2d 434, 442 (S.D. NY 2003) (granting motion to reopen case where evidence presented by respondent *corroborated* Petitioner's allegation he never received notice of judgment from prison mail officials).

This determination, however, does not end the analysis. As the Eleventh Circuit has made clear "a district court has an obligation to 'look beyond the label of

a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework' and, if so, recharacterize the motion based on the substance of the filing and the relief sought." *United States v. Russell*, No. 19-12717, 2021 WL 1418288, at *7 n.9 (11th Cir. Apr. 15, 2021) (quoting *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003)).  Thus, the Court must also look to see if Petitioner can seek relief under Rule 4(a)(5).  *See Gupta v. Walt Disney World Co.,* 283 F. App'x 682, 684 (11th Cir. 2008) (finding district court did not abuse discretion in denying relief under Rule 4(a)(5), but remanding the case for consideration of applicability of Rule 4(a)(6) because "we have a duty to liberally construe a *pro se* litigant's assertions to discern whether jurisdiction to consider his motion can be founded on a legally justifiable base[,]"); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998) (remanding case for court to consider whether 4(a)(5) applied even though 4(a)(6) did not).

Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to file a notice of appeal if the following elements are met:

> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).  Because Petitioner filed the motion to reopen within 30 days after the notice of appeal deadline of December 6, 2021, Petitioner meets the

Case No. 3:19cv422-LC-HTC

time requirement set forth in Rule 4(a)(5). Also, the undersigned finds that Petitioner has shown excusable neglect.

"Whether the party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." *In re Federated Food Cts., Inc.*, 222 B.R. 389, 395 (Bankr. N.D. Ga. 1998) (citing *Pioneer Investment Svcs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993)). The factors to consider include (1) the danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.; see also Advanced Estimating System, Inc. v. Riney (Advanced Estimating System, Inc.)*, 130 F.3d 996, 997–98 (11th Cir.1997). The undersigned finds those factors weigh in favor of extending the deadline.

First, given the minimal delay of 11 days, the undersigned finds little impact on the judicial proceedings. *See Thomas v Butts*, 745 F.3d 309, 311 (7th Cir. 2014) (finding extension reasonable where it was requested 9 days after filing deadline). Second, the undersigned finds any prejudice to the Secretary to be minimal as the Secretary should have been alerted to the Petitioner's desire to file an appeal when Petitioner filed the December 6 notice of extension of time to file a certificate of appealability. In fact, although the undersigned denied that motion as being moot,

Case No. 3:19cv422-LC-HTC

the Court could have also treated the motion as a notice of appeal. Under Federal Rule of Appellate Procedure Rule 3, the Court may consider a document not strictly compliant with the requirements of Rule 3 as a notice of appeal if it (1) serves as the functional equivalent of a notice of appeal and (2) makes it "objectively clear that a party intend[s] to appeal." *See Booth v. Allen*, 2021 WL 4978161, at *3 (11th Cir. Oct. 6, 2021), (citing *Rinaldo v. Corbett,* 256 F.3d 1276, 1278-79 (11th Cir. 2001)). The motion for extension of the COA Petitioner filed contained the name of the party taking the appeal and identified the judgment or order appealed from. And, while it does not identify the court appealed to, there can be no genuine doubt that court is the Eleventh Circuit. *Booth*, 20221 WL 4978161, at *3 (finding filing to be functional equivalent of notice of appeal even though it did not identify judgment or order being appealed).

Third, the undersigned finds Petitioner has acted in good faith by filing the motion for extension of the certificate of appealability five (5) days after receiving notice of the judgment. Although the extension sought was for the wrong thing – a certificate of appeal, it is clear Petitioner attempted to act in good faith.³ She could

---

³ The Secretary may argue Petitioner's representation to Court that she did not get the notice of judgment until December 3 exhibits bad faith; the undersigned finds the Petitioner's error to be negligent rather than intentional. The undersigned, notes, for example, that Petitioner refers to the December 3 date in her motion for extension for time and adds in that motion that the date can be verified in the Institutional Mail Log. ECF Doc. 34. There would have been no reason for Petitioner to refer to the Institutional Mail Log if is she did not believe it supported her position.

Case No. 3:19cv422-LC-HTC

have just as easily, if not more easily, filed a one paragraph notice of appeal on December 6. In other words, there was no reason for her to have filed a motion for extension of time to seek a certificate of appeal rather than a notice of appeal.

In the Secretary's opposition, the Secretary focuses primarily on the third factor and faults Petitioner for not notifying the Court of her address changes. The undersigned is certainly not dismissing that failure[4]; however, the Court must consider all four (4) factors in considering whether excusable neglect exists. *Goncalves v. Sec'y, Dep't of Corr.,* 745 F. App'x 151, 152 (11th Cir. 2018) ("While the district court did note that the delay was within the movant's control, one factor in the *Pioneer* analysis, the district court failed to consider both the prejudice to the nonmoving party and the impact on the administration of justice, the two factors we have previously recognized as having primary importance in the analysis."). Thus, the fact that Petitioner could have prevented the delays in receiving the notice of judgment by notifying the court of address changes does not, alone, warrant a denial of an extension. Instead, the "*Pioneer's* excusable neglect standard mandates that 'courts should 'tak[e] account of all relevant circumstances surrounding the party's omission….'" *Cannabis Action Network, Inc. v. City of Gainesville*, 231 F.3d 761,

---

[4] Indeed, Petitioner is reminded that it is her obligation to notify the Court of changes to her address, that her failure to do so could result in a dismissal of her action, and that while the Court has, as a matter of courtesy, updated her address on the docket to reflect her current institution, Lowell CI, the Court will not do so in the future without a notice of change of address.

Case No. 3:19cv422-LC-HTC

767 (11th Cir. 2000), *cert. granted, judgment vacated,* 534 U.S. 1110 (2002).  Here, those factors weigh in favor of an extension.

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED**:

1.      Petitioner's Motion for Reopening of Time to File Notice of Appeal, ECF Doc. 36, be **GRANTED**.

2.      The clerk be directed to docket the Notice of Appeal attached to the Motion to Reopen, ECF Doc. 36-1 at 1, separately as a Notice of Appeal, and forward the Notice and required documents to the Eleventh Circuit Court of Appeals.

At Pensacola, Florida, this 18th day of January, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:19cv422-LC-HTC